IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **JEBED COLON,** | )<br>) |
| **Plaintiff,** | )<br>) |
| | ) Civil Action, Case No.: 5:21-cv-4-TBR |
| v. | )<br>) |
| **HAMPTON MEAT PROCESSING COMPANY, INC.,** | ) **JURY DEMAND**<br>)<br>) |
| **Defendant.** | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Jebed Colon, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Mr. Colon is a resident of Christian County, Kentucky who was, at all relevant times, an employee of Defendant Hampton Meat Processing Company, Inc.

3. Defendant Hampton Meat Processing Company, Inc. is a Kentucky corporation with its principal office at 1890 Pembroke Road, Hopkinsville, KY 42240. Its registered agent for service of process is E.G. Hampton, who may be served at P.O. Box 545, 1890 Pembroke Road, Hopkinsville, KY 42241-0545.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Colon's federal claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. Colon's state-law claim pursuant to 28 U.S.C. § 1367(a)

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Colon in Christian County, Kentucky, which is located within this judicial district.

6. Mr. Colon filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Mr. Colon received a Notice of Right to Sue from the EEOC with respect to the charges set forth below less than ninety days prior to the filing of this Complaint. A copy of Mr. Colon's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant operates a slaughterhouse, butcher shop, and retail sales operation in Hopkinsville, Kentucky.

8. In or about early-February 2020, Mr. Colon accepted employment with Defendant in its retail sales area.

9. Mr. Colon's job was to greet customers, take orders for cuts of meat, and keep track of completed orders until customers arrived to pick them up.

10. Mr. Colon is of Hispanic descent.

11. Soon after he began working for Defendant, Mr. Colon asked a coworker what a customer needed and the coworker said the customer "said he was about to call immigration to have you deported."

12. The customer did not actually make that statement, but, instead, the coworker made the statement in front of customers and the supervisor because he thought it was a joke.

13. The supervisor did not say anything in response to the coworker's statement, which led a customer to call the company and complain.

14. Defendant's owner spoke with Mr. Colon but, despite Mr. Colon's expression of how painful such ethnic slurs are, Defendant did not punish the coworker in any way.

15. Shortly thereafter, Mr. Colon complained to his supervisor that a coworker implied that he was a "pig," but the supervisor told him to ignore it "because that's just how he is."

16. Mr. Colon's coworkers also began picking on him by taking product he had set aside for his customers in order to take over those customers, persistently poking and pushing him, and preventing him from moving a cart of meat for a customer.

17. Mr. Colon complained to his supervisor again, but was told that he was complaining too much and needed to do what he was told without asking any questions.

18. Mr. Colon thereafter was expected to stay quiet about his supervisor's conduct as well.

19. Mr. Colon's supervisor grabbed him by the throat on one occasion and, on other occasions, talked about sexual matters and persistently made comments about Mr. Colon's appearance and the need for them to have a relationship outside of work.

20. Mr. Colon told his supervisor that they would be nothing more than friends but the inappropriate comments continued.

21. On or about March 18, 2020, a female coworker began giving Mr. Colon orders even though she was not his supervisor and interfered with him doing his job by, among other things, telling a customer that information he was providing was untrue even though he had provided accurate information to the customer and he verified the truthfulness of what he said for the customer.

22. Mr. Colon complained to the supervisor about the female employee's conduct.

23. The next week, on or about March 25, 2020, Mr. Colon went to the office to follow up with the supervisor regarding his complaints and his coworkers' interference with his ability to perform his job duties but, rather than resolve the issues he had raised, the supervisor terminated Mr. Colon purportedly for complaining too much.

24. Mr. Colon had performed his job competently at all times, to the extent he was permitted to do his job despite the interference from his coworkers and lack of support from management.

25. Defendant's treatment of Mr. Colon was because of his national origin, his complaints about the discrimination he suffered on the job, and his opposition to sexual harassment by his supervisor.

26. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

27. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Colon has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### NATIONAL ORIGIN HARASSMENT OR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

28.  Mr. Colon realleges and incorporates herein the allegations contained in Paragraphs 1 – 27.

29.  Defendant's actions alleged herein constitute harassment or discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

30.  Mr. Colon's national origin was a motivating factor in Defendant's treatment of him.

31.  Defendant's actions on the basis of Mr. Colon's national origin were willful and knowingly committed.

32.  As a direct and proximate result of Defendant's adverse treatment of Mr. Colon in violation of the Title VII of the Civil Rights Act of 1964, Mr. Colon was injured and suffered damages.

33.  Mr. Colon has sustained a loss of back pay, benefits, incidental expenses, and front pay.

34.  Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Colon's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### SEXUAL HARASSMENT OR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

35. Mr. Colon realleges and incorporates herein the allegations contained in Paragraphs 1 – 34.

36. Defendant's actions alleged herein constitute harassment or discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

37. Mr. Colon's sex was a motivating factor in Defendant's treatment of him.

38. Defendant's actions on the basis of Mr. Colon's sex were willful and knowingly committed.

39. As a direct and proximate result of Defendant's adverse treatment of Mr. Colon in violation of the Title VII of the Civil Rights Act of 1964, Mr. Colon was injured and suffered damages.

40. Mr. Colon has sustained a loss of back pay, benefits, incidental expenses, and front pay.

41. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Mr. Colon's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT III

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

42. Mr. Colon realleges and incorporates herein the allegations contained in Paragraphs 1 – 41.

43. Defendant's actions alleged herein constitute illegal retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

44. Mr. Colon opposed the national origin-based and sex-based conduct to which he was subjected during his employment with Defendant.

45. Mr. Colon's opposition to such conduct was a motivating factor in Defendant's treatment of him.

46. Defendant's actions on the basis of Mr. Colon's oppositional activity were willful and knowingly committed.

47. As a direct and proximate result of Defendant's adverse treatment of Mr. Colon in violation of the Title VII of the Civil Rights Act of 1964, Mr. Colon was injured and suffered damages.

48. Mr. Colon has sustained a loss of back pay, benefits, incidental expenses, and front pay.

49. Defendant engaged in the discriminatory practices alleged in the third cause of action with malice and/or with reckless indifference to Mr. Colon's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT IV

### HARASSMENT, DISCRIMINATION, OR RETALIATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

50. Mr. Colon realleges and incorporates herein the allegations contained in Paragraphs 1 – 49.

51. Defendant's conduct constitutes illegal harassment or discrimination on the basis of national origin or sex in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

52. Defendant's conduct also constitutes illegal retaliation for opposing illegal conduct in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

53. As a result of Defendant's conduct, Mr. Colon suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Colon respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Mr. Colon be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Mr. Colon be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial pursuant to Counts I – IV;

6. That Defendant be ordered to pay punitive damages pursuant to Counts I - III in an amount to be determined at trial;

7. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

8. That costs and discretionary costs be taxed against Defendant;

9. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

                Respectfully Submitted,

                _s/ D. Wes Sullenger_____
                D. Wes Sullenger, KY BAR # 91861
                            TN BPR # 021714
                            IL ARDC 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY  42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Jebed Colon*